**Malcolm J. NEWBOURNE,**
**Plaintiff-Appellant,**

v.

**GRAND TRUNK WESTERN**
**RAILROAD COMPANY,**
**Defendant-Appellee.**

**No. 83–1708.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 17, 1984.
Decided April 4, 1985.

Wallace R. Steffen, Cleveland, Ohio, for plaintiff-appellant.

Charles F. Clarke, Cleveland, Ohio, Mary P. Sclawy (argued), Detroit, Mich., for defendant-appellee.

Before EDWARDS,* Circuit Judge, BROWN, Senior Circuit Judge, and PORTER, Senior District Judge.**

---

\* Honorable George Edwards took senior status January 15, 1985.

\*\* Honorable David S. Porter, U.S. District Court for the Southern District of Ohio, sitting by designation.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

Plaintiff-appellant Newbourne appeals from an adverse decision entered by U.S. District Judge Ralph Guy in the United States District Court for the Eastern District of Michigan.

Plaintiff Newbourne was concededly a part of management of the Detroit, Toledo & Ironton Railway Company (DT & I) and not covered by the collective bargaining agreement by either DT & I or subsequently Grand Trunk Western when the latter was acquired by the former. Newbourne brought suit to obtain the benefits of certain protective arrangements under 49 U.S.C. § 11347.

§ 11347. **Employee protective arrangements in transactions involving rail carriers**

When a rail carrier is involved in a transaction for which approval is sought under sections 11344 and 11345 or section 11346 of this title, the Interstate Commerce Commission shall require the carrier to provide a fair arrangement at least as protective of the interest of employees who are affected by the transaction as the terms imposed under this section before February 5, 1976, and the terms established under section 565 of title 45. Notwithstanding this subtitle, the arrangement may be made by the rail carrier and the authorized representative of its employees. The arrangement and the order approving the transaction must require that the employees of the affected rail carrier will not be in a worse position related to their employment as a result of the transaction during the 4 years following the effective date of the final action of the Commission (or if an employee was employed for a lesser period of time by the carrier before the action became effective, for that lesser period). Pub.L. 95–473, Oct. 17, 1978, 92 Stat. 1439.

The parties stipulated before the District Court that the threshold question of whether Newbourne was an "employee" under § 11347 should be decided by the District Court. Newbourne filed a motion for declaratory judgment and Grand Trunk Western filed a motion for summary judgment. DT & I was dismissed on its own motion. The District Court denied Newbourne's motion and granted Grand Trunk Western's motion.

Plaintiff argues that Newbourne should be entitled to the benefits under § 11347 because he was a lower grade executive and should be treated as an employee under the section just cited. In this regard, appellant points out that Newbourne had no hiring or firing authority, that he used a pool secretary, had a modest office and his desk had a linoleum top. On the other hand, Grand Trunk Western points out that he was a Grade 13 Supervisor in 1980, receiving a salary of $43,200, reported directly to one of the Vice-Presidents, Grade 17, supervised five persons and was one of a small number (17) of executives who were "protected" when the acquisition was accomplished and Grand Trunk Western took over.

Additionally, Judge Guy's careful opinion recited in part:

Following his discharge, plaintiff, sometime prior to September, 1981, was able to land two consulting jobs and a full time position with B & W Cartage Co., Inc., as Administrative Vice President. Although the plaintiff's income from the two consulting jobs does not appear in the record, plaintiff apparently earned a salary of $45,000.00 at B & W Cartage Co., Inc. Although the reasons for his separation from B & W Cartage Co., Inc. do not appear in the record, plaintiff ceased his employment with that firm sometime in the spring of 1982. Since that time, plaintiff has attempted to start a business in his home which has a projected annual income of approximately $9,000.00.

After the filing of the motions referred to above, Judge Guy referred this case for a Magistrate's Report and Recommendation. The Magistrate recommended that the defendant's motion for summary judgment be granted and plaintiff's motion for

declaratory judgment be denied. The Magistrate concluded that the plaintiff was not an "employee" within the meaning of the rule established in *Edwards v. Southern Railway Co.,* 376 F.2d 665 (4th Cir.1967). The Magistrate concluded and Judge Guy agreed that:

The plaintiff was not a subordinate employee covered by a collective bargaining agreement. The plaintiff was a management official with substantial responsibility in the functioning of an important part of the railroad. The plaintiff was not a person without skills which are useful outside of the railroad industry. The majority of the plaintiff's working experience (21 out of 30 years), has been outside of the railroad industry. Even his experience within the industry has been in an area which is not restricted to railroads. These facts suggest that the plaintiff's skills are transferable and that he will be able to protect himself. The plaintiff was able to find a new position very shortly after being terminated by the defendant in an administrative vice president position in an industry other than the railroad. The salary for that position was $45,000.00 per year, slightly higher than what he was earning with the defendant.

*Newbourne v. Grand Trunk Western Railroad Co.,* No. 83–CV–0076–DT, slip op. at 5–6 (E.D.Mich. Sept. 22, 1983) (quoting Magistrate's Report).

The principal argument in this case concerns appellant's contentions as listed below:

First, plaintiff contends that the magistrate, in failing to engraft the "corporate officer exclusion" language contained in the Regional Rail Reorganization Act of 1973, 45 U.S.C. § 771 *et seq.,* repealed Omnibus Budget Reconciliation Act of 1981, Pub.L. 97–35, Title XI, § 1144(a)(1), 95 Stat. 669 (1981) (RRRA); Milwaukee Railroad Restructuring Act, 45 U.S.C. § 902(4)(B) (MRRA); and Rock Island Railroad Transition and Employee Assistance Act, 45 U.S.C. § 1002(4) (RITA), on to the definition of "employee" as used in the Employee Protective

Arrangements in Transactions Involving Rail Carriers Provision of the Interstate Commerce Act. See 49 U.S.C. § 11347.

Second, assuming that the magistrate acted properly in applying a case by case test, plaintiff contends that the Magistrate erred in finding that there are no material issues of fact in dispute relative to plaintiff's status as an employee and as to plaintiff's worsening condition being the result of the merger.

Third, plaintiff contends that the magistrate erred in failing to consider plaintiff's claim that he was wrongfully terminated by the defendants.

*Id.* at 7–8.

Critical to the decision in this case is whether appellant is, as he contends, entitled to the protections set forth in *New York Dock Railway v. United States,* 609 F.2d 83 (2d Cir.1979) and the Emergency Railroad Transportation Act of 1933 and the imposition of similar labor protective conditions set forth in *United States v. Lowden,* 308 U.S. 225, 60 S.Ct. 248, 84 L.Ed. 208 (1939) in the opinion of the Supreme Court.

A precondition for appellant's recovery under any of his three arguments is, however, a factual determination that he was an "employee" rather than a part of management. That determination is in this case anything but easy. Careful examination of appellant's arguments and citations leaves us nonetheless in agreement with Judge Guy's result. We hold that appellant was a part of management in the critical times involved here. We, of course, note that he supervised only five employees and that his office and furniture were apparently, to put it mildly, modest. Nonetheless, we agree with the District Court that such facts as the following in this record lend support to the District Court's judgment: 1) appellant was a supervisor; 2) his salary was $43,200 a year; 3) he clearly would not have been eligible to be part of the railroad bargaining unit representing "employees;" 4) the record strongly suggests that plaintiff's skills were transferable; 5) he did acquire a new job shortly after being terminated by Grand Trunk Western—as an administrative vice-

president at a salary of $45,000 a year; 6) he was one of only 17 executives with his former employer who were protected under a Salary Continuation Plan; and, finally, 7) Newbourne, under the Continuation Plan, continued to receive his previous salary for six months after his dismissal. Facts 1, 2, and 3 numbered above are not dispositive of this appeal. When, however, facts 4, 5, 6 and 7 are added, they appear to tip the balance in favor of affirmance of the District Court's judgment.

We recognize, of course, that if, as appellant contends, he is entitled to the full protection afforded by 49 U.S.C. § 11347, he would be substantially better off. Said section, however, required that "the employees of the affected rail carrier will not be in a worse position related to their employment as a result of the transaction during the 4 years following the effective date of the final action of the Commission." Our problem with his contention in this regard, of course, is that we do not find in this record facts which warrant our reversing the District Judge's holding that he was not at the time of discharge an "employee" for purposes of § 11347.

The judgment of the District Court is affirmed.