**Kenneth LANCASTER, Appellant,**

**v.**

**BUERKLE BUICK HONDA CO., Appellee.**

**No. 86–5020.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1986.
Decided Jan. 21, 1987.

Neil P. Convery, St. Paul, Minn., for appellant.

Gregory J. Stenmoe, Minneapolis, Minn., for appellee.

Before ROSS and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

FAGG, Circuit Judge.

Kenneth Lancaster appeals the district court's entry of summary judgment in favor of Buerkle Buick Honda Co. (Buerkle Buick). We affirm.

Lancaster began work for Buerkle Buick in 1971 as a service manager. On December 30, 1983, at the age of fifty-three, Lancaster's employment was terminated by Buerkle Buick. Lancaster claims he was terminated because of his age. Buerkle Buick maintains the decision was a result of Lancaster's unsatisfactory work performance and the recommendation of an independent consulting firm in connection with reorganization of the service department.

After his termination Lancaster read and signed a termination agreement. The agreement obligated Buerkle Buick to pay Lancaster nearly $39,000 in severance pay and to pay six months medical insurance premiums for Lancaster. Buerkle Buick also agreed not to restrict Lancaster's right to work for a competitor and not to contest any claim by Lancaster for unemployment compensation. In exchange Lancaster agreed to cooperate in any related audit of Buerkle Buick and to preserve the confidentiality of information learned during his employment. Lancaster also agreed to release Buerkle Buick from "each and every claim of any kind * * * resulting from [his] termination of employment."

Approximately nine months after he was terminated Lancaster filed this action in district court claiming the release was invalid and setting out various claimed violations by Buerkle Buick of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Employee Retirement Income Security Program (ERISA), 29 U.S.C. §§ 1001–1461. Lancaster also made claims for breach of an implied covenant of good faith and fair dealing and for misrepresentation. The district court granted Buerkle Buick's motion for summary judgment, finding the termi-

nation agreement contained a valid and enforceable release barring Lancaster's suit.

■ Lancaster initially argues he cannot release his ADEA claim. The ADEA incorporates by reference the enforcement provisions of the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 626(b). Both the FLSA and the ADEA are silent on whether statutory claims may be privately released. The FLSA, however, has been interpreted to prohibit waiver through private releases of certain FLSA statutory coverages and rights. *See, e.g., Tony & Susan Alamo Found. v. Secretary of Labor,* 471 U.S. 290, 302, 105 S.Ct. 1953, 1962, 85 L.Ed.2d 278 (1985); *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 745, 101 S.Ct. 1437, 1447, 67 L.Ed.2d 641 (1981); *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 114, 66 S.Ct. 925, 928, 90 L.Ed. 1114 (1946); *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). By implication, Lancaster argues, an employee's statutory rights under the ADEA are similarly not waivable through an unsupervised private release. We disagree.

This court has recently held ADEA claims involving bona fide factual disputes over the intent and motive of an employer for a termination may be validly settled in the manner undertaken here by Lancaster and Buerkle Buick. *Moore v. McGraw Edison Co.,* 804 F.2d 1026, 1033 (8th Cir.1986); *see also Runyan v. National Cash Register Corp.,* 787 F.2d 1039 (6th Cir.) (en banc), *cert. denied,* —— U.S. ——, 107 S.Ct. 178, 95 L.Ed.2d 114 (1986); 50 Fed.Reg. 40,870–71 (1985). *Moore* controls this case and permits the unsupervised release of Lancaster's ADEA claim.

■ Lancaster next argues his ADEA claim is not barred because the termination agreement fails to mention expressly any release of claims under the ADEA. *Moore* does not require the termination agreement specifically to mention the ADEA. *See Moore,* 804 F.2d at 1033; *see also Runyan,* 787 F.2d at 1044 n. 10. We conclude Lan-

caster's broad release of all claims resulting from his termination also releases his ADEA claim.

 Finally, Lancaster argues the termination agreement does not bar this suit because he did not knowingly and willingly release his employment-related claims. In determining whether the release was knowingly and voluntarily given, "we apply ordinary contract principles." *Runyan,* 787 F.2d at 1044 n. 10. The undisputed facts do not support Lancaster's argument.

Lancaster was first presented with the termination agreement on December 30, 1983, but did not sign it until January 4, 1984. In the interim he chose not to consult an attorney. Lancaster admits he read the agreement and considered its terms before signing. The agreement covers less than two typewritten pages, is written in clear and simple language, and unambiguously releases all of his claims relating to termination of his employment. The agreement contains no ultimatums or deadlines for its acceptance. Lancaster admittedly had input into the terms of the agreement and in fact negotiated significant favorable additions to it. Lancaster was a well-paid management employee who has experience in business and who has signed numerous contracts in his lifetime.

Even viewing these facts with the benefit of all reasonable inferences in the light most favorable to Lancaster, there is no genuine issue of material fact with regard to the basic facts underlying the making of the termination agreement. Lancaster made no showing Buerkle Buick was guilty of exploitation or overreaching in these circumstances. Thus, we conclude the district court correctly determined the parties knowingly and voluntarily entered into the termination agreement and that Lancaster released all of his employment-related claims.

Accordingly, the district court's entry of summary judgment in favor of Buerkle Buick is affirmed.