933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James V. TURA, Plaintiff-Appellant, Cross-Appellee,
v.
SHERWIN-WILLIAMS COMPANY, Defendant-Appellee, Cross-Appellant.
 Nos. 90-3419, 90-3445.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and HILLMAN, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant James Tura appeals from the summary judgment granted in favor of defendant-appellee Sherwin-Williams Company in this age discrimination action filed under Ohio law on the basis of diversity. Sherwin-Williams cross-appeals the denial of its motions for sanctions filed pursuant to Federal Rule of Civil Procedure 11. For the reasons that follow, we affirm in part and reverse in part.
 
 I.
 
 2
 At the time of his discharge, plaintiff was 58 years old and had been employed by Sherwin-Williams for approximately fifteen years as a patent attorney. He advanced to the position of assistant general counsel approximately nine years before his discharge and in that position handled, among other duties, personnel matters.
 
 
 3
 Immediately after being informed of his termination, plaintiff was presented with a separation agreement. The agreement contained a release of "all claims or demands ... against Sherwin-Williams ... arising either directly or indirectly out of [plaintiff's] present or past employment relationship with Sherwin-Williams ..., except for all rights and claims ... under the Sherwin-Williams Company Salaried Employees' Retirement Plan." Company policy was that employees did not receive severance benefits without signing the release. After taking the document home and reviewing it over the weekend, plaintiff executed the agreement. The severance benefits plaintiff gained included ten biweekly payments of $2,651 and a consulting agreement, which plaintiff participated in negotiating, that provided a monthly retainer of $2,120 for a period of six months.
 
 
 4
 Approximately twenty months after receiving all the benefits under the agreements, plaintiff filed an action in state court. The state action was eventually dismissed without prejudice after defendant conducted discovery and filed a motion for summary judgment.
 
 
 5
 After plaintiff secured new counsel, he filed this diversity action alleging that his discharge was in violation of Ohio's age discrimination statute, Ohio Rev.Code Sec. 4101.17. Prior to filing the action, plaintiff's attorney notified defendant's attorney that he believed he had a viable claim despite the release based upon his survival of a summary judgment motion in a similar case. Defendant's attorney responded by warning of a possible motion for Rule 11 sanctions.
 
 
 6
 On February 14, 1990, defendant filed a motion for summary judgment followed shortly thereafter by a motion for Rule 11 sanctions. On April 18, 1990, the district court issued an opinion and order granting the summary judgment and denying the motion for Rule 11 sanctions.
 
 
 7
 Plaintiff filed a timely notice of appeal, and defendant filed a timely notice of cross-appeal. The principal issues presented in this appeal are (1) whether summary judgment was justified based on the release signed by plaintiff, and (2) whether the district court abused its discretion in denying defendant's motion for Rule 11 sanctions.
 
 II.
 A.
 
 8
 Ohio furnishes the substantive law in this diversity case. Since Ohio courts have yet to decide the validity of an employee's release of his employer from age discrimination claims, the district court was justified in looking to federal precedent. See Barker v. Scovill, Inc., 6 Ohio St.3d 146, 451 N.E.2d 807, 809 (1983). The parties do not challenge this proposition.
 
 
 9
 There is a consensus among the federal courts of appeals that an employee's knowing and willful release of his employer from age discrimination claims serves to bar a later action brought on the claims. See Coventry v. United States Steel Corp., 856 F.2d 514, 517 (3d Cir.1988). The Sixth Circuit and Eighth Circuit apply ordinary contract principles in determining whether a waiver has been knowingly and voluntarily executed. Lancaster v. Buerkle Buick Honda Co., 809 F.2d 539, 541 (8th Cir.), cert. denied, 482 U.S. 928 (1987); Runyan v. National Cash Register Corp., 787 F.2d 1039, 1044 n. 10 (6th Cir.) (en banc), cert. denied, 479 U.S. 850 (1986). Thus, "[i]f overreaching or exploitation is not inherent in the situation, ... waivers of possible employment-related discrimination claims knowingly and voluntarily made between an employee and his employer will be enforced absent the typical exceptions for fraud, duress, lack of consideration or mutual mistake." Shaheen v. B.F. Goodrich Co., 873 F.2d 105, 107 (6th Cir.1989) (per curiam).
 
 
 10
 The Third and Second Circuits apply a slightly different approach, examining the release under a totality of the circumstances test. See Coventry; Bormann v. AT & T Communications, Inc., 875 F.2d 399, 403 (2d Cir.), cert. denied, 110 S.Ct. 292 (1989). This approach looks at (1) plaintiff's education and experience, (2) the length of time plaintiff had access to the agreement before signing it, (3) plaintiff's role in negotiating the agreement, (4) the clarity of the agreement, (5) whether plaintiff consulted with an attorney, and (6) whether the employee actually gained anything by executing the release.
 
 
 11
 Plaintiff contends that the latter approach is the correct one and represents an evolution in the law since Runyan. This argument is partially refuted by Shaheen v. B.F. Goodrich which recently applied Runyan without speaking of any evolution in the law.
 
 
 12
 Moreover, this case is distinguishable from Coventry because (1) Coventry involved the employee's pension benefits whereas in this case the plaintiff's pension benefits were undisturbed, and (2) in this case plaintiff was an attorney whereas in Coventry there was no indication that the plaintiff, who was a laborer that had advanced through the ranks, had consulted an attorney. This case is more like Cirillo v. ARCO Chemical Co., 862 F.2d 448, decided by the Third Circuit after Coventry applying the factors set forth in Coventry. In Cirillo the court affirmed a summary judgment on the basis of the employee's voluntary release. The Cirillo court recognized that economic pressure was not the sole factor working in Coventry and that an economic incentive to release claims did not amount to duress.
 
 
 13
 In sum, this court need not decide whether Ohio courts would follow the Runyan approach or the Coventry approach. The release executed by plaintiff is valid as a matter of law under either approach.
 
 B.
 
 14
 The next issue to be addressed is the denial of defendant's motion for sanctions under Federal Rule of Civil Procedure 11. Recently, in Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447 (1990), the Supreme Court made it clear that all determinations of the district court on Rule 11 motions are to be reviewed under the deferential standard of abuse of discretion. In reaching this conclusion the Court made it clear that even the conclusion of whether a complaint is "legally tenable" involves "issues rooted in factual determinations." Accordingly, the determination of whether a complaint is legally tenable should be made, in the first instance, by the district court.
 
 
 15
 This case required the district court to determine whether or not plaintiff and/or his attorney could reasonably have believed that under existing Ohio law, or a good faith argument for the extension, modification, or reversal of existing Ohio law, the release did not bar the action. It is not at all clear that the district court made this determination. The court's entire analysis of the sanctions issue is contained in a two-sentence paragraph. The first sentence oversimplified defendant's position as asserting "that Tura should not have filed suit nor pursued his claim knowing that he had executed a release." The second sentence oversimplified the law by excerpting the following statement from Mihalik v. Pro Arts, Inc., 851 F.2d 790, 794 (6th Cir.1988): "It is not per se unreasonable to initiate a lawsuit and pursue a possible claim where the defendant may have a strong defense."
 
 
 16
 Mihalik leaves ample room for holding that "part of a reasonable attorney's prefiling investigation must include determining whether any obvious affirmative defenses bar the case." White v. General Motors Corp., 908 F.2d 675, 682 (10th Cir.1990). An attorney "runs the risk of sanctions if her only response to an affirmative defense is unreasonable." Id.
 
 
 17
 Although Rule 11 does not specifically require written findings of fact or conclusions of law, this court has recently recognized that "a district judge faced with a sanction motion must make certain findings in determining that an award is appropriate." Century Prods., Inc. v. Sutter, 837 F.2d 247, 251 (6th Cir.1988). This is necessary "[i]n order to facilitate appellate review and insure that we have something before us so that we may apply the appropriately deferential standard of review." Mihalik, 851 F.2d at 793.
 
 
 18
 The two-sentence paragraph by the district court fails to show that it did indeed exercise its discretion and fails to provide a basis for appellate review. See Longo v. Glime, No. 89-1952 (6th Cir. March 12, 1991) (unpublished opinion). Whether or not sanctions are justified involves a "fact-intensive, close call" which depends partially upon "the local bar's litigation practices." Hartmarx, 110 S.Ct. at 2460. Thus, although this court may be tempted to pass on the legal tenability of plaintiff's complaint, "the ends of justice would be best served if the district court, applying the proper legal principles, made the initial determination." Lancellotti v. Fay, 909 F.2d 15, 19 (1st Cir.1990).
 
 III.
 
 19
 For the reasons stated, we AFFIRM the judgment of the district court except for that part denying the Federal Rule of Civil Procedure 11 sanctions. The denial of Rule 11 sanctions is REVERSED and REMANDED, and the district court is directed to make sufficient findings to determine whether or not plaintiff's complaint was legally tenable.
 
 
 
 *
 Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation