David E. McELROY, Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY, Appellee.**

No. 91–3247.

United States Court of Appeals,
Eighth Circuit.

Submitted March 26, 1992.

Decided April 24, 1992.

Joseph Michael Moriarty, Omaha, Neb. (argued), for appellant.

Kathleen J. Ford, Omaha, Neb. (argued), for appellee.

Before FAGG, BOWMAN, and BEAM, Circuit Judges.

BOWMAN, Circuit Judge.

David E. McElroy appeals from the District Court's entry of summary judgment in favor of Union Pacific Railroad Company. We reverse.

McElroy began working for Union Pacific as a loss and damage prevention engineer on May 19, 1970. He was terminated May 13, 1988, at the age of 42. At that time, his supervisors asked him to sign a separation agreement providing in part that: "By his signature below, Mr. McElroy resigns from the Company effective as of July 13, 1988, and agrees that performance by Union Pacific Railroad Company of the provisions contained herein constitutes complete fulfillment by Union Pacific Railroad Company of all its obligations to him." Employment Separation Agreement, *reprinted in* Joint Appendix at 36. After consulting with an attorney, McElroy signed the agreement.

In March 1990, McElroy filed a complaint in the District Court alleging that Union Pacific had fired him because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1988) [hereinafter ADEA].[1] Union Pacific moved for summary judgment on the ground that, by signing the separation agreement, McElroy had waived his ADEA claim. The District Court granted the motion. McElroy appeals arguing that the agreement is ambiguous and that the question whether it was intended to operate as a waiver of his

ADEA claims presents a triable issue of fact.

"In reviewing a district court's grant of summary judgment, this court applies the same standard as the district court ... without giving deference to the court below." *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990). Thus, we will affirm a grant of summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Moreover, " '[w]here contractual language is susceptible of at least two fairly reasonable interpretations, this presents a triable issue of fact, and summary judgment [is] improper.' " *Boatmen's First Nat'l Bank v. P.P.C., Inc.*, 927 F.2d 394, 397 (8th Cir.1991) (quoting *Aetna Casualty & Sur. Co. v. Giesow*, 412 F.2d 468, 471 (2nd Cir.1969)). We conclude that the separation agreement between McElroy and Union Pacific is susceptible of two reasonable interpretations, and we therefore hold that summary judgment was improper.

The District Court's decision to grant summary judgment was based upon its conclusion that "the language in the [separation agreement] clearly provides that the plaintiff waived all claims, including his ADEA claim, relating to his employment termination." *McElroy v. Union Pacific R.R.*, No. CV 90–0–164 at 3 (D.Neb. Aug. 28, 1991) (Memorandum Opinion and Order), *reprinted in* Joint Appendix at 53. The court based this conclusion upon its reading of our decision in *Lancaster v. Buerkle Buick Honda Co.*, 809 F.2d 539 (8th Cir.), *cert. denied*, 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987). There, as in this case, we were confronted with the question of whether an employee waived his ADEA claim by signing a termination agreement. In *Lancaster*, however, the agreement contained language expressly "releas[ing the employer] from '*each and every claim of any kind* ... resulting from [the employee's] termination....' " *Id.* at 540 (emphasis added) (quoting the termination agreement). We therefore had

1. The ADEA also includes 5 U.S.C. §§ 8335, 8339 (1988).

no difficulty concluding that "[the employee's] broad release of all claims resulting from his termination also releas[ed] his ADEA claim." *Id.* at 540–41.

Unlike the agreement in *Lancaster*, McElroy's separation agreement does not contain language unambiguously releasing Union Pacific from any and all claims McElroy might have against it. Rather, it provides that Union Pacific can fulfill "all its obligations to [McElroy]," Employment Separation Agreement, *reprinted in* Joint Appendix at 36, by giving him two months salary and benefits and by compensating him for his unused vacation time according to company policy. *See id.* One might quickly conclude, as the District Court did, that the term "obligations" refers to all of Union Pacific's potential liabilities to McElroy. That, however, is not the only way in which the agreement might reasonably be read. As the separation agreement contains no reference to any claims that McElroy might have against Union Pacific, and it expressly requires that Union Pacific give McElroy two months salary and benefits and compensate him for unused vacation time in order for it to fulfill "all its obligations to him," *id.*, it also is susceptible to being read as meaning that the term "obligations" includes only McElroy's rights to severance pay and benefits and not to other claims against the company such as his ADEA claim. *Cf. Bernstein v. Consolidated Foods Corp.*, 622 F.Supp. 1096, 1106 (N.D.Ill.1984) (summary judgment inappropriate in ADEA case where resignation agreements signed by plaintiffs referred only to remuneration and compensation but not to the plaintiffs' suits or causes of action). In short, unlike the termination agreement in *Lancaster*, the separation agreement here does not contain an unequivocal waiver of all of McElroy's claims against Union Pacific, and a triable issue is presented as to whether the agreement was intended to constitute a waiver of McElroy's ADEA claim. Accordingly, this is not an appropriate case for summary judgment. *See, e.g., P.P.C., Inc.*, 927 F.2d at 397 (quoting *Giesow*, 412 F.2d at 471).

The District Court's entry of summary judgment in favor of Union Pacific is reversed and the case is remanded for further proceedings consistent with this opinion.