Glenn J. WARNEBOLD, Appellant,

v.

UNION PACIFIC RAILROAD, Appellee.

No. 91–3327.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1992.

Decided May 4, 1992.

David C. Howard, St. Louis, Mo. (Geri Frank, on the brief), argued for appellant.

Kathleen J. Ford, Omaha, Neb., argued, for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Glenn J. Warnebold appeals from an order of the district court[1] granting summary judgment in favor of Union Pacific Railroad. We affirm.

Warnebold worked for Union Pacific in managerial positions from July 1978 until July 1, 1988, when he was terminated through an involuntary separation program. In exchange for receiving a payment of $40,703.00, on July 21, 1988, Warnebold executed a "General Release and Covenant Not to Sue." Warnebold agreed to release Union Pacific "from any and all claims, causes of action and liabilities of any kind or nature including, ... claims under Title VII of the Civil Rights Act of 1964 ..., [and] the Age Discrimination in Employment Act [ADEA] ... arising out of [his] employment at, or termination of [his] non-agreement employment from Union Pacific Railroad Company...." Warnebold also agreed "not to institute any proceedings against the Company based on any matter relating to [his] employment at, or termination of [his] non-agreement employment from, the Company."

At the time Warnebold executed the release, he had age and sex discrimination claims pending at the Equal Employment Opportunity Commission (EEOC) and the state human rights commission. In June 1990 he filed a complaint in the district court alleging violations of the ADEA, 29 U.S.C. § 621 et seq., and Title VII, 42 U.S.C. § 2000e et seq.

Union Pacific moved for summary judgment on the ground that the release barred the action. Warnebold opposed the motion, asserting that the release was void.

The district court found that the release was valid and constituted a knowing and voluntary waiver of Warnebold's Title VII and ADEA claims. *See Lancaster v. Buerkle Buick Honda Co.,* 809 F.2d 539, 541 (8th Cir.) (court applies "ordinary contract principles" in determining validity of ADEA release), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987).[2] The court found that the language of the release was clear and unambiguous; that Warnebold was an educated businessman, who had had seven days in which to consider signing the release and had admitted that he had read the release and understood its terms. The court rejected Warnebold's argument that he had signed the release only because he relied on the advice of an EEOC counselor and an attorney who told him the release was invalid. *See Pilon v. University of Minnesota,* 710 F.2d 466, 468 (8th Cir.1983) (improper advice of attorney regarding legal effect of words of release insufficient to void release if language of release was clear and unambiguous).

The court also rejected Warnebold's argument that the release was void for lack of consideration. Warnebold contended that Union Pacific had a preexisting obligation to pay him pursuant to 49 U.S.C. § 11347, as supplemented by *New York Dock Railway–Control–Brooklyn E. Dist. Terminal,* 360 I.C.C. 60 (1979), *aff'd, New York Dock Ry. v. United States,* 609 F.2d 83 (2d Cir.1979) (*New York Dock*), which provides protections to railroad employees who have been adversely affected by certain business transactions. Union Pacific responded that Warnebold was not entitled to *New York Dock* benefits because he was not a covered employee. Union Pacific relied on *Newbourne v. Grand Trunk W. Ry. Co.,* 758 F.2d 193, 194–96 (6th Cir.1985), which held that a manager was not an employee within the meaning of the statute. The district court found that because Warnebold had only a contested right to *New York Dock* benefits, the $40,703.00 payment constituted consideration. *See*

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. The district court also found the release was valid under the "totality of the circumstances" test used by other circuits. *See, e.g., Cirillo v. Arco Chemical Co.,* 862 F.2d 448, 451 (3d Cir. 1988).

*O'Hare v. Global Natural Resources, Inc.,* 898 F.2d 1015, 1017 (5th Cir.1990) (release of ADEA claim supported by consideration where plaintiff "gave up a disputed right to [severance] benefits ... for an undisputed right to a smaller package of benefits"). *See also O'Shea v. Commercial Credit Corp.,* 930 F.2d 358, 362 & n. 3 (4th Cir.) (release of ADEA claim supported by consideration where plaintiff received severance payment to which she was not unquestionably entitled), *cert. denied,* —— U.S. ——, 112 S.Ct. 177, 116 L.Ed.2d 139 (1991).

On appeal Warnebold argues that the district court erred in holding that the release was valid. He primarily challenges the court's finding regarding consideration. Upon review of the briefs, record and oral argument, we agree with the district court that the release was supported by consideration and constituted a knowing and voluntary waiver of Warnebold's ADEA and Title VII claims.

Accordingly, we affirm the judgment.