**FIRST COMMERCIAL TRUST COMPANY, N.A., Guardian of Estate of Robin Michele Leath, a minor child, Appellant,**

v.

**COLT'S MANUFACTURING COMPANY, INC., Appellee,**

Olin Corporation, doing business as Winchester; Sports & Recreation Inc., doing business as Sports Unlimited; Pay–More Pawn Shop, Inc.; Kelvin Meeks, Defendants.

No. 95–2627.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1996.

Decided Feb. 29, 1996.

Sandy S. McMath, Little Rock, Arkansas, argued, for appellant.

Sarah L. Olson, Chicago, Illinois, argued (James P. Dorr and Lyn P. Pruitt, on the brief), for appellee.

Before MAGILL, REAVLEY,[*] and HANSEN, Circuit Judges.

MAGILL, Circuit Judge.

First Commercial Trust Company (FCT) appeals the district court's[1] dismissal of its negligence complaint for failure to state a claim upon which relief may be granted. Because the controlling Arkansas law on this issue is clear, *see First Commercial Trust Co. v. Lorcin Eng'g, Inc.*, 321 Ark. 210, 900 S.W.2d 202 (1995), we affirm the district court's dismissal.

## I.

For this appeal, we accept FCT's factual allegations as true. *See Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 731 (8th Cir. 1993). On October 30, 1993, Kelvin Meeks, a crack-cocaine dealer, legally purchased a Colt's Manufacturing Company (Colt's) Cobra .357 magnum handgun from a Sports Unlimited store in Arkansas. On December 28, 1993, Meeks and a rival had a shoot-out at a Little Rock, Arkansas pawn shop, and a round from Meeks' weapon struck Robin Michele Leath, an innocent bystander, in the head. Leath suffered significant brain damage and paralysis.

FCT, as the guardian of Leath's estate, brought suit in Arkansas state court under a

---

[*] THE HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

theory of negligence, alleging that Colt's was liable for Leath's injuries by: (1) merchandising and promoting cheap handguns; (2) failing to develop a "safe-sales" policy; and (3) failing to properly warn retailers regarding "probable misusers" of handguns. The case was removed to the federal district court because Colt's had entered bankruptcy proceedings; *see* 28 U.S.C. § 1452(a).

Applying Arkansas substantive law, the district court granted Colt's' Federal Rule of Civil Procedure 12(b)(6) motion and dismissed FCT's complaint for failure to state a claim upon which relief could be granted. The court held that an essential element of FCT's negligence claim, the existence of a duty owed to Leath by Colt's, was absent as a matter of law. The district court noted that "[t]here is no jurisdiction which has extended liability to the manufacturers of ammunition and guns on the grounds asserted by the Plaintiff." Order at 5.

## II.

 We apply a de novo standard of review to the district court's Rule 12(b)(6) dismissal. *See Dorothy J.,* 7 F.3d at 731. We review the district court's determination of Arkansas law de novo. *See Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1220–21, 113 L.Ed.2d 190 (1991).

In *First Commercial Trust Co. v. Lorcin Eng'g, Inc.,* 321 Ark. 210, 900 S.W.2d 202 (1995), the Arkansas Supreme Court considered claims virtually identical to those raised in this case, *compare Lorcin, id.* 900 S.W.2d at 203 (describing complaint) *with* Appellant's App. at 9–10 (FCT's complaint against Colt's),[2] and held that a handgun manufacturer owed no duty to the victim of an illegal

shooting. *Lorcin,* 900 S.W.2d at 205. Although the rule established in *Lorcin* is clearly controlling in this case, FCT argues that *Lorcin* can be distinguished from the instant case on its facts, because Colt's allegedly had a different relationship with Sports Unlimited than the *Lorcin* defendant had with its retailer. This argument simply has no merit; *Lorcin* stands as a clear rejection of FCT's theory of liability.

 FCT also argues that following *Lorcin* in this case will work "a denial of civil procedural due process and equal protection under the Fourteenth Amendment," Appellant's Br. at 12, by denying a litigant the right to develop facts to prove her case. Under the *Rooker–Feldman* doctrine,[3] this Court has no jurisdiction to hear an appeal of a state court decision, *see Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995), and we reject FCT's invitation to visit the merits of *Lorcin. See Postma v. First Fed. Sav. & Loan of Sioux City,* 74 F.3d 160, 162, n. 3 (8th Cir.1996) (noting that "there is no procedural due process exception to the *Rooker–Feldman* doctrine"). Although we may hear "general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court," *Charchenko,* 47 F.3d at 983, we note that FCT has failed to address precisely how Arkansas's rejection of FCT's theory of negligence violates the United States Constitution.[4] We conclude that the district court properly dismissed FCT's complaint because it stated no legal duty owed by Colt's to Leath, an essential element of her negligence action. *See Lorcin,* 900 S.W.2d at 203.

## III.

 Colt's seeks sanctions against FCT under Federal Rule of Appellate Procedure

---

2. The same attorney, Sandy S. McMath, represented FCT in both the *Lorcin* case and the instant case.

3. Named after *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983), this doctrine commands that the United States Supreme Court is the only federal court which may review state court decisions.

4. Litigants, of course, have no right to discovery in the absence of a plausible legal theory; *see, e.g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) (purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding"). FCT apparently once agreed with this legal truism, as it stipulated to a suspension of discovery until after Colt's' motion to dismiss had been ruled on by a court. *See* Appellee's add. at 1. In light of this stipulation, FCT cannot now complain of a denial of procedural due process.

38 for a frivolous appeal. "The decision to impose sanctions for a frivolous appeal is left to [this Court's] discretion," *In re Estate of Graven*, 64 F.3d 453, 456 (8th Cir.1995); *see also* 28 U.S.C. § 1912. Although "the courthouse is always open to good faith appeals of what are honestly thought to be errors of the lower court," *McConnell v. King*, 42 F.3d 471, 472 (8th Cir.1994) (per curiam) (quotations omitted), sanctions are appropriate where an appeal challenges district court decisions "that are unquestionably supported by the great weight of the evidence and wholly in conformance with applicable law," *Maristuen v. National States Ins. Co.*, 57 F.3d 673, 680 (8th Cir.1995). While this case presents a close question, we elect not to impose sanctions against FCT.[5]

Accordingly, we affirm the judgment of the district court.

---

**5.** We also deny Colt's' motion to strike portions of FCT's brief.