_____

No. 96-2189
_____

Lesia Schalski,                    *
                                   *
          Appellant,               *
                                   * Appeal from the United States
      v.                           * District Court for the
                                   * Western District of Arkansas.
OK Foods, Inc.,                    *
                                   *        [UNPUBLISHED]
          Appellee.                *

_____

           Submitted:  August 20, 1996

               Filed:  August 23, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges
_____

PER CURIAM.

     Lesia Schalski appeals the district court's[1] dismissal of her
action pursuant to Federal Rule of Civil Procedure 12(b)(6).  We
affirm.


     Schalski alleged that her former employer, OK Foods, Inc. (OK
Foods), violated Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e, and Section 504 of the Rehabilitation Act of 1973,
29 U.S.C. § 794.  Schalski alleged that she was discharged after
contracting a life-threatening, permanent occupational disease as
a result of her employment at OK Foods, where she was exposed to
flour dust.  Schalski further alleged that the Arkansas Workers'
Compensation Commission treated her unfairly in the consideration
of her benefits claim.

_____

     [1]The Honorable Jimm Larry Hendren, United States District
Judge for the Western District of Arkansas.

OK Foods moved to dismiss, arguing, inter alia, that Schalski's claims were precluded by a "Final Settlement and Release" previously entered into by Schalski and OK Foods. In the Final Settlement and Release, Schalski agreed to a "release of all claims of every nature against OK Foods, Inc., . . . which arise out of or are based on, whether directly or indirectly, the conditions of Schalski's employment with OK and termination of Schalski's employment . . .," except her worker's compensation claims, in exchange for $15,000. The district court concluded that the Final Settlement and Release barred Schalski's claims.

We review the district court's dismissal de novo. First Commercial Trust Co., N.A. v. Colt's Mfg. Co., Inc., 77 F.3d 1081, 1083 (8th Cir. 1996). We agree with the district court that in the Final Settlement and Release, Schalski released those claims she is attempting to assert that arose out of or are related to her discharge from OK Foods and her work-related injury. See Warnebold v. Union Pac. R.R., 963 F.2d 222, 223-224 (8th Cir. 1992) (statutory claims under Title VII can be released under private settlement agreement). Schalski does not assert that she did not knowingly and voluntarily enter into the Final Settlement and Release. As the district court correctly noted, to the extent Schalski is dissatisfied with the Commission's actions, she must lodge that complaint with the Arkansas Court of Appeals. See Ark. Code Ann. § 11-9-711(b) (Michie 1987) (Workers' Compensation Commission decision may be appealed to Arkansas Court of Appeals).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.