United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4122

_____

Gary A. Randolph,                       *
                                        *
        Appellant,                      *
                                        *
    v.                                  *
                                        *
Communications Workers of               *
America, District 6; Earline Jones,     *       Appeal from the United States
President, Local 6377; W. L.            *       District Court for the
Eidson, General Vice President;         *       Eastern District of Missouri.
Dan Backstead, President, District 6;   *
Victor Crawley, Vice President,         *           [UNPUBLISHED]
District 6; Phil Ferril, CWA Rep.,      *
District 6; Morton Bahr, President of   *
CWA,                                    *
                                        *
        Appellees.                      *

_____

Submitted:  June 23, 1997
    Filed:  June 30, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After Gary A. Randolph's discrimination action against his former employer was dismissed as untimely, he brought the present Title VII, 42 U.S.C. §§ 2000e-2000e-17 (1994), action against his union, Communication Workers of America (Union), and six Union officers. He alleged that he was subjected to misrepresentation and disparate treatment when the Union "colluded" with his former employer to sabotage his labor grievance, and "stalled" Randolph for so long that he was not able to file a timely action against his former employer. Randolph twice moved for counsel. The District Court[1] granted the defendants' motion to dismiss Randolph's action for failure to state a claim, and denied Randolph's motions for appointment of counsel. Randolph appeals, and we affirm.

After de novo review, see First Commercial Trust Co., N.A. v. Colt's Mfg. Co., 77 F.3d 1081, 1083 (8th Cir. 1996), we conclude that the District Court was correct in dismissing Randolph's claims against the Union[2]: he failed to allege that the Union mishandled his labor grievance for an illegal, discriminatory reason, see Martin v. Local 1513 and Dist. 118 of Int'l Ass'n of Machinists and Aerospace Workers, 859 F.2d 581, 584 (8th Cir. 1988), and he failed to allege facts otherwise constituting an employment practice prohibited under Title VII, see 42 U.S.C. § 2000e-2(c) (1994).

We also conclude that the District Court did not abuse its discretion in denying Randolph counsel. See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995).

Accordingly, the judgment is affirmed.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[2]We decline to review the dismissal of Randolph's Title VII claims against the individual defendants as he fails to raise the issue in his appellate brief. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir. 1985).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.