Dale J. THOMFORDE, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. CIV. 02–4817(JNE/JGL).

United States District Court, D. Minnesota.

Jan. 27, 2004.

William J. Egan, Esq., William J. Egan, PLC, Hartford, CT, appeared for Plaintiff Dale J. Thomforde.

Jerry W. Snider, Esq., and Holly M. Robbins, Esq., Faegre & Benson LLP, Minneapolis, MN, appeared for Defendant International Business Machines Corporation.

ERICKSEN, District Judge.

Dale J. Thomforde brought this action against his former employer, International Business Machines Corporation (IBM), alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (2000). The case is before the Court on IBM's Motion for Summary Judgment. For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

From 1973 to 2001, Thomforde worked for IBM. In 2001, IBM implemented an involuntary termination program that IBM calls the Server Group Resource Action (SGRA). On July 24, 2001, IBM notified Thomforde that it had selected him for the SGRA. That same day, IBM gave Thomforde a General Release and Covenant not to Sue (Agreement). IBM terminated Thomforde's employment on August 24, 2001. On September 6, 2001, Thomforde signed the Agreement and returned it to IBM. After signing the Agreement, Thomforde received money and benefits from IBM. He did not rescind the Agreement. The Agreement contains a release of all claims that Thomforde may have had against IBM, including those based on age discrimination:

> In exchange for the sums and benefits received pursuant to the terms of the [SGRA, Thomforde] (hereinafter "you") agrees to release and hereby does release [IBM] from all claims, demands, actions or liabilities you may have against IBM of whatever kind including, but not limited to, those that are related to your employment with IBM, the termination of that employment, or other severance payments or your eligibility for participation in the Retirement Bridge Leave of Absence, or claims for attorneys' fees.
>
> ....
>
> ... You also agree that this Release covers, but is not limited to, claims arising from the [ADEA] ... and any other federal, state or local law dealing with discrimination in employment including, but not limited to, discrimination based on ... age.

The Agreement also contains a covenant not to sue:

> You agree that you will never institute a claim of any kind against IBM ... including, but not limited to, claims related to your employment with IBM or the termination of that employment or other severance payments or your eligibility for participation in the Retirement Bridge Leave of Absence. If you violate this covenant not to sue by suing IBM ... you agree that you will pay all costs and expenses of defending against the suit incurred by IBM ... including reasonable attorneys' fees, and all further costs and fees, including attorneys' fees, incurred in connection with collection. This covenant not to sue does not apply to actions based solely under the [ADEA]. That means that if you were to sue IBM ... only under the [ADEA], you would not be liable under the terms of this Release for [its] attorneys' fees and other costs and expenses of defending against the suit.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In determining whether summary judgment is appropriate, a court

must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

IBM asserts that it is entitled to summary judgment because Thomforde waived his ADEA claims. "An individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary." 29 U.S.C. § 626(f)(1). Thomforde contends that he did not knowingly and voluntarily waive his ADEA claims.

■ Thomforde first argues that the Agreement does not waive any of Thomforde's substantive or procedural rights under the ADEA. He relies on the following language from the covenant not to sue: "This covenant not to sue does not apply to actions based solely under the [ADEA]." Thomforde ignores that he released IBM "from all claims, demands, actions or liabilities [he] may have against IBM of whatever kind" including ADEA claims. The Court therefore rejects his assertion that the Agreement "on its face does not waive any of [his] substantive or procedural rights under the ADEA."

Next, Thomforde argues that the Agreement does not meet the minimum requirements for a waiver of an ADEA claim to be considered knowing and voluntary. Those requirements are set forth at 29 U.S.C. § 626(f)(1). Here, the parties dispute only whether the Agreement satisfies the first of these requirements: "the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate." *Id.* § 626(f)(1)(A). Again, the Agreement provides that Thomforde released IBM "from all claims, demands, actions or liabilities [he] may have against IBM of whatever kind" including ADEA claims. The Agree-

ment explains the covenant not to sue's inapplicability to an action based solely under the ADEA: "That means that if [Thomforde] were to sue IBM ... only under the [ADEA], [he] would not be liable under the terms of the Release for [its] attorneys' fees and other costs and expenses of defending against the suit." The release is not qualified by the covenant not to sue's inapplicability to an action based solely under the ADEA. The Agreement satisfies section 626(f)(1)(A).

■ Next, Thomforde asserts that the Court must look beyond the Agreement itself and apply a "totality of the circumstances" test to determine whether his waiver was knowing and voluntary. In *Lancaster v. Buerkle Buick Honda Co.*, 809 F.2d 539 (8th Cir.1987), the Eighth Circuit held that ordinary contract principles apply to determine whether a release of ADEA claims was knowing and voluntary. *Id.* at 541. Thomforde contends that the enactment of the Older Workers Benefit Protection Act (OWBPA), Pub.L. 101–433, § 201, 104 Stat. 978, 983 (1990) (codified as amended at 29 U.S.C. § 626(f)), rejected *Lancaster.* The Eighth Circuit addressed this contention in *Ulvin v. Northwestern National Life Insurance Co.*, 943 F.2d 862 (8th Cir.1991):

> We are aware that the Senate Report for the 1990 amendments disapproved this court's approach in *Lancaster.* Congress is fully capable of enacting legislation that will limit or change a rule announced by a court, but it did not do so in this case and its comments do not provide a sufficient basis for this court to refuse to follow our earlier precedent.

*Id.* at 866 n. 4 (citation omitted). Accordingly, the Court declines to apply a "totality of the circumstances" test to determine whether Thomforde's release of his ADEA claims was knowing and voluntary.

Finally, Thomforde contends that application of ordinary contract principles to interpret the Agreement reveals that the Agreement in ambiguous. Again, Thomforde released IBM "from all claims, demands, actions or liabilities [he] may have against IBM of whatever kind." The released claims include those arising under the ADEA and any other federal, state, or local law dealing with discrimination based on age. The release is not qualified by the covenant not to sue's inapplicability to an action based solely under the ADEA. Thomforde clearly and unambiguously released his ADEA claims against IBM. The Court therefore concludes that IBM is entitled to summary judgment.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. IBM's Motion for Summary Judgment [Docket No. 23] is GRANTED.

2. Count I of Thomforde's Complaint [Docket No. 1] is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.