NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014[*]
Decided October 22, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1765

| | |
|---|---|
| PATINA LAWSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 12-C-1190 |
| | |
| J.C. PENNEY CORPORATION, INC., | Rudolph T. Randa, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Patina Lawson sued her former employer, J.C. Penney, in federal district court for discrimination and retaliation under Title VII and the Equal Pay Act. The court granted summary judgment to J.C. Penney after finding it undisputed that Lawson validly waived any right that she had to sue J.C. Penney on these claims. Because the

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

district court correctly determined that Lawson's waiver of her claims is valid and enforceable, we affirm.

Lawson worked for J.C. Penney from 2004 until her layoff in June 2012. With a B.A. from the University of Wisconsin, she began her work there as a checkout clerk and eventually became an associate software engineer, where she read technical materials. She consistently received satisfactory job reviews and merit-based pay increases. But having expected to advance further, she filed a charge of discrimination in March 2012, alleging that J.C. Penney refused to promote her and boost her pay because of her race. One week later J.C. Penney informed Lawson that, as part of a company-wide reorganization, it was eliminating many positions, including hers.

After announcing the reorganization, the company paid Lawson her final two months of regular compensation and proposed a severance package. The company offered a payment of $8,174.71 (about 15% of her annual salary of $52,155) in return for a release of any employment-related claims. The release contains three important features. First, it bars a wide range of suits. It releases the company "from all actions … arising out of or in any way connected with or related to [Lawson's] employment or the termination of [her] employment, to the fullest extent permitted by law." The release covers suits under federal, state, or local anti-discrimination or anti-retaliation laws or for lost, unpaid, or unequal wages. It specifically cites Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to e-17, and the Equal Pay Act, 29 U.S.C. § 206(d). Second, it provided Lawson advice and time for reflection. In uppercase and bold print, the release encouraged Lawson to read its terms carefully and consult an attorney before signing it. It also gave Lawson 45 days to decide whether to sign it and 7 days to revoke her release, once she signed it. And by signing, she acknowledged reading the release and understanding it. Finally, the release provides that the law of Texas controls questions of validity, interpretation, and performance.

Lawson accepted the severance offer. She signed the release and returned it 18 days after receiving it. Soon after, J.C. Penny delivered her the severance payment. Lawson has never attempted to revoke her acceptance. Nor has she offered to return to J.C. Penney the money that it paid her in exchange for her release.

After receiving a right-to-sue letter from the EEOC, Lawson sued J.C. Penney under Title VII and the Equal Pay Act. J.C. Penney moved for summary judgment, arguing that Lawson had waived and released her right to bring the lawsuit. The district court agreed with J.C. Penney. It reasoned that, under federal law as reflected in

the Fifth Circuit (which it applied because it wanted to adhere to the law of the federal jurisdiction that included Texas), the waiver was valid because Lawson had entered into it knowingly and voluntarily.

Lawson argues on appeal that the release is invalid because she did not understand it and the district court incorrectly applied Texas law in deciding otherwise. We find no error. The district court did not apply Texas law; it applied federal law (albeit by assuming that it had to follow the case law of the Fifth Circuit) to determine the validity of her assent. The district court correctly used federal law, and we do not view each circuit as "a separate jurisdiction rather than all being part of a single national judiciary enforcing a uniform body of federal law." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC,* 626 F.3d 958, 962 (7th Circ. 2010). Most circuits, not just the Fifth, use federal law to require that a waiver of federal claims be knowing and voluntary. *See Pierce v. Atchison Topeka & Santa Fe Ry. Co.,* 65 F.3d 562, 571 (7th Cir. 1995). *See also O'Hare v. Global Natural Resources, Inc.,* 898 F.2d 1015, 1017 (5th Cir. 1990); *Bormann v. AT & T Commc'ns, Inc.,* 875 F.2d 399, 403 (2d Cir. 1989); *Coventry v. U.S. Steel Corp.,* 856 F.2d 514, 523 (3d Cir. 1988); *Torrez v. Pub. Serv. Co. of New Mexico,* 908 F.2d 687, 689–90 (10th Cir. 1990); *but see Lancaster v. Buerkle Buick Honda Co.,* 809 F.2d 539, 541 (8th Cir. 1987) (state law); *Runyan v. Nat'l Cash Register Corp.,* 787 F.2d 1039, 1044 n.10 (6th Cir. 1986) (same). In applying federal law to determine whether a waiver is knowing and voluntary, courts typically examine the employee's education and business experience, the clarity of the waiver, the time the employer allowed the employee to consider the waiver before signing, whether the employee was not otherwise entitled to the consideration for the waiver, and whether the employee had any input in negotiating the waiver's terms. *Pierce,* 65 F.3d at 571.

The undisputed facts show that Lawson knowingly and voluntarily released any right she had to bring this lawsuit. Lawson is college educated and has worked in positions requiring her to read technical materials. *See Hampton,* 561 F.3d at 717 (reasoning that high school diploma and some college and paralegal courses supported finding waiver voluntary and knowing). The waiver prominently stated that Lawson was giving up any right to sue J.C. Penney for discrimination under any law, including Title VII and the Equal Pay Act, and that she understood this. It granted her 45 days to consider the release and consult an attorney, ample time under the law. *Compare id.* at 717 (ruling that six weeks was "ample time" to consider buyout offer) *with Pierce v. Atchison Topeka & Santa Fe Ry. Co.,* 110 F.3d 431, 440 (7th Cir. 1997) (ruling that, by giving employee only one business day to consider severance package, employer created "inordinate time pressure"). Finally, in exchange for releasing her claims,

Lawson received about 15% of her annual salary—money that she was not otherwise entitled to. We recognize that Lawson did not negotiate the terms of the release. That factor, however, is outweighed by the factors otherwise showing substantive and procedural reasonableness in the exchange. *See Hampton*, 561 F.3d at 717. We therefore conclude that, on the undisputed record, Lawson knowingly and voluntarily waived her right to file these claims.

In any event, summary judgment was correct because Lawson ignored the tender-back requirement. At no time has Lawson offered to return to J.C. Penney the severance payment that she received from it in exchange for releasing the claims on which she now sues. Because her claims fall within the scope of the waiver, she cannot sue without first seeking to rescind the release. *Hampton*, 561 F.3d at 717. And rescission requires that Lawson tender to J.C. Penney the consideration that she received. *Id.*; *Fleming v. U.S. Postal Service AMF O'Hare*, 27 F.3d 259, 260–61 (7th Cir. 1994). Without that tender, she cannot attempt to undo her release and sue. *Hampton*, 561 F.3d at 717. Moreover, no exception to the tender requirement applies here: Neither party is alleging fraud, Lawson received adequate consideration, and no statute abrogates the tender-back requirement for releases of claims under Title VII and the Equal Pay Act. *See Fleming*, 27 F.3d at 261–62. Therefore, the district court's grant of summary judgment was correct for this additional reason.

AFFIRMED.