Joel CHARCHENKO, Appellant,

v.

CITY OF STILLWATER, Appellee.

No. 94–1446.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Feb. 16, 1995.

Karla R. Wahl, Minneapolis, MN, argued, for appellant.

Julie Fleming–Wolfe, Minneapolis, MN, argued (John M. Baker, on the brief), for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

Joel Charchenko appeals the district court's dismissal of his § 1983 suit. The district court determined that the *Rooker–Feldman* doctrine barred Charchenko's suit. We reverse in part and affirm in part.

## I.  BACKGROUND

Charchenko was employed as a part-time police officer by the municipality of Stillwater, Minnesota, from December 1, 1977, until he was terminated in December 1988. On August 13, 1990, Charchenko filed suit in Minnesota state court alleging wrongful termination under state law and a § 1983 claim of due process violations and deprivation of a liberty interest in connection with his termination. Immediately prior to trial, the state court dismissed the entire action, determining it had no subject matter jurisdiction based on *Dietz v. Dodge County*, 487 N.W.2d 237 (Minn.1992). Charchenko did not appeal this decision.

Charchenko refiled both his state claims and his § 1983 claims in federal district court. The district court dismissed his action, determining that it had no subject matter jurisdiction to hear either the state law or the § 1983 claims under the *Rooker–Feldman* doctrine. Charchenko appeals.

## II.  DISCUSSION

The district court's determination that it lacked subject matter jurisdiction is a question of law that we review de novo.

*Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir.1990).

## A. *Rooker–Feldman* Doctrine

Charchenko argues that the district court erred in dismissing his claims because the *Rooker–Feldman* doctrine is not applicable.

■ The *Rooker–Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings.[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983). The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. *Feldman*, 460 U.S. at 486, 103 S.Ct. at 1316. A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. *Keene Corp.*, 908 F.2d at 296. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Id.* at 296–97. In other words, *Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994). Accordingly, to determine whether *Rooker–Feldman* bars Charchenko's federal suit requires determining exactly what the state court held and whether the relief requested by Charchenko in his federal action requires determining the state court's decision is wrong or would void its ruling. If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

■ Charchenko's state court complaint was dismissed because the state court determined that it had no subject matter jurisdiction to hear either his state wrongful termination or § 1983 claims under *Dietz*, 487 N.W.2d 237. Appellant's App. at A–336. *Dietz* held that a writ of certiorari is the exclusive method for a terminated public employee to obtain review of her termination in Minnesota state court. *Id.* at 239. Accordingly, we believe the state court order in *Charchenko v. Stillwater* stands for the proposition that state trial courts do not have subject matter jurisdiction to review a municipality's decision to terminate a city employee. *Id.*

Thus, *Rooker–Feldman* will bar Charchenko's federal § 1983 suit only if the district court must determine that the state court's decision that it had no subject matter jurisdiction was wrong or that the relief Charchenko requests would effectively void the state court's determination that it has no subject matter jurisdiction. With respect to Charchenko's § 1983 claims, we do not believe the district court need address whether the state court had subject matter jurisdiction over the claims in order for Charchenko to proceed. In fact, we believe the district court could proceed to determine the merits of Charchenko's § 1983 suit under the assumption that the Minnesota state courts lack subject matter jurisdiction over these claims.[2] The deprivation of state court subject matter jurisdiction in § 1983 suits does not affect the federal district court's original jurisdiction.

Neither the state court decision in *Charchenko* nor *Dietz* attempts to deprive federal

1. We note that *Rooker–Feldman* is broader than claim and issue preclusion because it does not depend on a final judgment on the merits. Aside from this distinction the doctrines are extremely similar.

2. The Minnesota court's ruling that Charchenko's § 1983 claim may not be brought in the state trial court, and presumably must therefore be appended to a certiorari proceeding in the state appellate court, may well be suspect under the Supremacy Clause and *Felder v. Casey*, 487 U.S. 131, 138, 108 S.Ct. 2302, 2306, 101 L.Ed.2d 123 (1988). However, *Rooker–Feldman* prevents us from determining this issue in this appeal. To address this issue, Charchenko should have pursued his appeal through the Minnesota state courts and if necessary to the United States Supreme Court.

courts of subject matter jurisdiction over § 1983 suits. *Dietz* held that a county employee could not sue the county for wrongful termination in state court; a petition for a writ of certiorari was the exclusive method to obtain review of her termination in state court. The district court has a basis for subject matter jurisdiction over Charchenko's § 1983 suit which does not depend upon the Minnesota state court's jurisdiction. Section 1983 confers original federal question jurisdiction with federal district courts.

Further, we believe that *Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550 (6th Cir.1983), *aff'd on other grounds*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1987), is analogous. *Loudermill* involved similar facts to this case: the plaintiffs alleged their due process property rights were violated because they were terminated without being afforded an opportunity to respond to the charges prior to their dismissal. *Id.* at 559–60. The plaintiffs in *Loudermill* received a post-termination hearing. Whether plaintiffs' failure to pursue available state administrative remedies after this hearing barred their federal § 1983 actions was the preliminary issue in *Loudermill*. *Loudermill* held that " '[t]he choice of whether to proceed in a state or federal forum, however, necessarily belongs to the plaintiffs and they cannot be deprived of it by a state rule which gives preclusive effect to unappealed state administrative decisions.' " *Id.* at 559 (quoting *Moore v. Bonner*, 695 F.2d 799, 801 (4th Cir.1982) ("unappealed decision of state administrative agency not entitled to 'full faith-and-credit dignity accorded state court decisions' ")).

Charchenko's case is distinguishable from *Loudermill* because he did not pursue any administrative remedies in state court. This failure caused the state trial court to determine that it had no subject matter jurisdiction to hear the merits of either Charchenko's state wrongful termination claims or his due process claim under § 1983. This effectively cuts off Charchenko's state court forum. However, *Loudermill* illustrates that

Charchenko had two alternate forums available: state or federal. *Id.* at 559. The divestment of state court jurisdiction does not affect the other alternate available: the federal forum. Accordingly, *Rooker–Feldman* does not bar Charchenko's § 1983 suit.

■ We believe, however, that Charchenko's state law claims are barred by *Rooker–Feldman*. The state court determined that Charchenko must pursue a writ of certiorari before he could obtain relief under state law for wrongful termination. Because Charchenko has never pursued a writ of certiorari, allowing the district court to apply state law to the merits of Charchenko's wrongful termination claim would effectively void this determination.

## B. Preclusion

Stillwater argues that the district court's dismissal may be affirmed by relying on either issue preclusion or claim preclusion.

■ A prior state court decision receives the same preclusive effect in federal court as it would receive in the state court. 28 U.S.C. § 1738 (1994).[3] Accordingly, Minnesota law determines whether Charchenko is precluded from asserting his § 1983 suit in federal court under either claim or issue preclusion. In Minnesota, neither claim nor issue preclusion is to be rigidly applied. Instead, the focus is on whether preclusion would work an injustice on the party against whom it is urged. *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 613–14 (Minn.1988).

■ Before either claim or issue preclusion will bar a claim, the earlier decision must have been on the merits. *Minneapolis Auto Parts Co. v. Minneapolis*, 739 F.2d 408, 409 (8th Cir.1984); *Johnson*, 420 N.W.2d at 613. In Minnesota, a judgment by a court that lacks subject matter jurisdiction is not considered to be "on the merits." *Hauser v. Mealey*, 263 N.W.2d 803, 808 (Minn.1978); *Muellenberg v. Joblinski*, 188 Minn. 398, 247 N.W. 570, 572 (1933). Additionally, Minnesota Rule of Civil Procedure 41.02(c) states

---

**3.** Section 1738 provides that "[s]uch ... judicial proceedings ... shall have the same full faith and credit in every court within the United States

... as they have by law or usage in the courts of such State ... from which they are taken."

 

generally that involuntary dismissals for lack of jurisdiction are not considered to be on the merits.[4] This rule is modeled after Federal Rule of Civil Procedure 41(b). An involuntary dismissal by a court for lack of jurisdiction may not be a bar if the jurisdiction's rule is patterned after Federal Rule of Civil Procedure 41(b) even if the court's order states it is "with prejudice." *See* Restatement (Second) of Judgments § 20 cmt. d (1982). Accordingly, it is clear that the state court's dismissal of Charchenko's action for lack of subject matter jurisdiction was not a judgment on the merits.[5] Therefore, the state court decision will have no preclusive effect in the federal courts.

Stillwater argues that the state court decision was on the merits because it uses the words "with prejudice" and cites *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn.1989), as support. *Johnson* simply held that a dismissal with prejudice for lack of prosecution was a dismissal on the merits. *Id.* Minnesota Rule of Civil Procedure 41.02(c) lists only three grounds of involuntary dismissals that are not considered on the merits: (1) lack of jurisdiction; (2) forum non conveniens; and (3) failure to join an indispensable party pursuant to Rule 19. Because lack of prosecution is not exempted from involuntary dismissals, it is considered to be "on the merits." Consequently, *Johnson* lends no support to the argument that the state court's dismissal of Charchenko's action was on the merits.

## III. CONCLUSION

For the above reasons, we affirm the district court's dismissal of Charchenko's state law claims, reverse the district court's dismissal of Charchenko's § 1983 claim, and remand for proceedings consistent with this opinion.

---

4. "Unless the court specifies otherwise in its order, a dismissal pursuant to this rule ... other than a dismissal for lack of jurisdiction ... operates as an adjudication upon the merits." Minn. R.Civ.P. 41.02(c).

5. Accordingly, this case is distinguishable from *Button v. Harden*, 814 F.2d 382 (7th Cir.1987). If the Minnesota state court reached a determination on the merits in this case, as the Illinois state court did in *Button*, Charchenko would be precluded from refiling his § 1983 suit in federal court. In *Button*, a public school teacher filed a § 1983 suit in federal court alleging his dismissal was in retaliation for his exercise of free speech. *Id.* at 383. Prior to filing his federal action, a state hearing was held to determine whether there was cause to fire him. The hearing officer found cause to discharge. *Id.* Button appealed this decision to the state circuit court which affirmed. *Id.* Button then attempted to file a § 1983 suit in federal court that was dismissed on the basis of claim preclusion. The Seventh Circuit affirmed; Judge Posner noted that Button had two alternatives available to him after the hearing officer's decision: he could have sued immediately in federal court or sued in state court for review of the hearing officer's determination. *Id.* at 384. Because Button chose to proceed in state court and could have raised his § 1983 claim in the state court, claim preclusion prevented him from pursuing his § 1983 claim in federal court when he lost in state court. *Id.*