# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1449

_____

Richard O. Gooden, Jr.,       *
                                    *

      Appellant,         *
                                    *

   v.                     *
                                    *

Faulkner County Sheriff's Department;      *

Faulkner County Road/Highway   *
Office; Bob Blankenship, Sheriff           *
of Faulkner County, in his official      *
and personal capacity; Charles          *
Castleberry, Former Sheriff of Faulkner  *
County, in his personal capacity; Ollie  *
Willborg, Former Chief Deputy of      *
the Faulkner County Sheriff's Office,   *
    Appeal from the United States
in his personal capacity; Jerry Bradley,  *
    District Court for the
Former Chief Deputy of the Faulkner    *
    Eastern District of Arkansas.
County Sheriff's Office, in his personal *
capacity; James Davis, Former Deputy   *
      [UNPUBLISHED]
of the Faulkner County Sheriff's Office, *
in his personal capacity; William Glenn, *
Former Deputy of the Faulkner County   *
Sheriff's Office, in his personal      *
capacity; Ronald Lewis, Former        *
Sergeant of the Arkansas State Police, in *
his personal capacity; Tommy Goodwin,   *
Col., Former Director of the Arkansas   *
State Police, in his personal capacity;  *
John Bailey, Col., Director of the     *

Arkansas State Police, in his personal                    *

and official capacity; Arkansas State                    *
Police,                               *
                                      *
          Appellees.                  *
                      _____


                      Submitted:  November 6,
1997
                            Filed: November 7,
1997

                      _____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
                      _____

PER CURIAM.


    Richard O. Gooden appeals the dismissal by the District Court[1] of his 42 U.S.C. § 1983 (1994) action. Gooden alleged that defendant Arkansas state entities and employees violated his Fifth Amendment rights under the Takings Clause by refusing to return property seized pursuant to a search warrant, after the state dropped criminal charges against him.  The District Court concluded that Gooden was seeking review of an Arkansas court's dismissal of his inverse condemnation action, and dismissed his federal action based on the Rooker-Feldman doctrine.  See Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (holding that under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), federal district courts lack subject matter jurisdiction if relief requested in federal action would

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

-3-

effectively reverse state court decision or void its ruling).

Upon <u>de novo</u> review, we disagree that Gooden's claim was barred by the <u>Rooker-Feldman</u> doctrine. We nevertheless affirm the dismissal as we conclude

Gooden did not demonstrate that he availed himself of state appellate relief following the dismissal of his inverse condemnation action. Until Gooden has exhausted the state court appeals process, the federal courts cannot know whether the state would provide just compensation. See <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195 (1985) (holding that if state provides an adequate procedure for seeking just compensation, property owner cannot claim a violation of Just Compensation Clause until he has used the procedure and been denied just compensation). Neither the state trial court's dismissal of Gooden's action, nor the fact that any state appeal may be time-barred, demonstrates that the Arkansas inverse condemnation procedure is "unavailable or inadequate." <u>Id.</u> at 197.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-