129 F.3d 121
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard O. Gooden, Jr., Appellant,
v.
Faulkner County Sheriff's Department; Faulkner County
Road/Highway Office; Bob Blankenship, Sheriff of Faulkner
County, in his official and personal capacity; Charles
Castleberry, Former Sheriff of Faulkner County, in his
personal capacity; Ollie Willborg, Former Chief Deputy of
the Faulkner County Sheriff's Office, in his personal
capacity; Jerry Bradley, Former Chief Deputy of the
Faulkner County Sheriff's Office, in his personal capacity;
James Davis, Former Deputy of the Faulkner County Sheriff's
Office, in his personal capacity; William Glenn, Former
Deputy of the Faulkner County Sheriff's Office, in his
personal capacity; Ronald Lewis, Former Sergeant of the
Arkansas State Police, in his personal capacity; Tommy
Goodwin, Col., Former Director of the Arkansas State Police,
in his personal capacity; John Bailey, Col., Director of
the Arkansas State Police, in his personal and official
capacity; Arkansas State Police, Appellees.
 No. 97-1449.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 6, 1997
Filed: November 7, 1997
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard O. Gooden appeals the dismissal by the District Court[1] of his 42 U.S.C. § 1983 (1994) action. Gooden alleged that defendant Arkansas state entities and employees violated his Fifth Amendment rights under the Takings Clause by refusing to return property seized pursuant to a search warrant, after the state dropped criminal charges against him. The District Court concluded that Gooden was seeking review of an Arkansas court's dismissal of his inverse condemnation action, and dismissed his federal action based on the Rooker-Feldman doctrine. See Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir.1995) (holding that under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), federal district courts lack subject matter jurisdiction if relief requested in federal action would effectively reverse state court decision or void its ruling).
 
 
 2
 Upon de novo review, we disagree that Gooden's claim was barred by the Rooker-Feldman doctrine. We nevertheless affirm the dismissal as we conclude Gooden did not demonstrate that he availed himself of state appellate relief following the dismissal of his inverse condemnation action. Until Gooden has exhausted the state court appeals process, the federal courts cannot know whether the state would provide just compensation. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985) (holding that if state provides an adequate procedure for seeking just compensation, property owner cannot claim a violation of Just Compensation Clause until he has used the procedure and been denied just compensation). Neither the state trial court's dismissal of Gooden's action, nor the fact that any state appeal may be time-barred, demonstrates that the Arkansas inverse condemnation procedure is "unavailable or inadequate." Id. at 197.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas