# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1819

_____

| | | |
|---|---|---|
| Jeffrey Langdon Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Justine E. Delmuro, Judge, Circuit | * | District Court for the |
| Court of Missouri, 16th Judicial | * | Western District of Missouri. |
| Circuit; Gary A. Fenner, Judge, | * | |
| Missouri Court of Appeals, Western | * | [UNPUBLISHED] |
| District; James T. Cook; Barton S. | * | |
| Blond; David R. Browning, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 25, 1998
Filed: August 28, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jeffrey Brown appeals the district court's[1] disposition of his complaint by partial dismissal and partial grant of summary judgment. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Brown filed this lawsuit under 42 U.S.C. §§ 1983 and 1985(3), alleging a conspiracy to deprive him of his rights to representation and cross-examination, due process, and equal protection during his divorce and child-custody trial. Brown named as defendants the state court judges who presided over the proceedings and reviewed the appeal, his ex-wife's attorney, the guardian ad litem in the proceedings, and his own former attorney.

The district court granted the judges' and the guardian ad litem's motions to dismiss, and granted summary judgment to Brown's ex-wife's attorney. The court ordered Brown to show cause why the claims against his former attorney should not be dismissed under Federal Rule of Civil Procedure 4(m) for lack of service. After Brown failed to respond, the court dismissed these claims without prejudice.

We agree with the district court that Brown's damages claims against the judges and the guardian ad litem were barred by absolute judicial immunity and quasi-judicial immunity, respectively. See Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994) (per curiam) (judicial immunity); McCuen v. Polk County, Iowa, 893 F.2d 172, 174 (8th Cir. 1990) (per curiam) (quasi-judicial immunity extends to actions of guardian ad litem related to judicial function). We also agree that Brown's claims against his ex-wife's attorney failed because he offered no evidence to show a meeting of the minds to deprive him of federally protected rights, or evidence to show that the attorney was otherwise a state actor. See Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (private individual participating in joint action with state official acts under color of state law); Rogers v. Bruntager, 841 F.2d 853, 856 (8th Cir. 1988) (elements of § 1983 conspiracy claim).

Although Brown contends that he was not served with the show-cause order, we conclude that Brown's claims against his former attorney were barred as they were inextricably intertwined with the trial judge's decision to interview Brown's son without counsel present. See Charchenko v. City of Stillwater, 47 F.3d 981, 983-84 (8th Cir.

1995) (under <u>Rooker-Feldman</u> doctrine, district court lacks subject matter jurisdiction over constitutional challenge if claim is inextricably intertwined with state court rulings). Brown's claims for injunctive relief were likewise barred, because the relief he sought would have required a determination that the state court decision was wrong.  <u>See</u> <u>id.</u> Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.