# F I L E D

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

AMZIE B. JORDAN,

        Plaintiff-Appellant,

v.

PATRICK BRAZIL, Judge, Kansas
Court of Appeals; G.W. RULON,
Judge, Kansas Court of Appeals;
G. JOSEPH PIERRON, JR., Judge,
Kansas Court of Appeals,

        Defendants-Appellees.

No. 00-3024
(D.C. No. 99-CV-2374)
(D. Kan.)

## ORDER AND JUDGMENT *

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

      Plaintiff Amzie B. Jordan, acting pro se, appeals the district court's

dismissal of his complaint against three judges of the Kansas Court of Appeals.

Because plaintiff's lawsuit is barred by the Rooker-Feldman doctrine, [1] we affirm. [2]

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     See District of Columbia Court of Appeals v. Feldman , 460 U.S. 462,

                     (continued...)

Plaintiff was convicted in Kansas state court of driving over the posted speed limit. In his appeal to the Kansas Court of Appeals, plaintiff sought a remand to allow him to present evidence concerning unlawful acts by Kansas' Secretary of Transportation in lowering the speed limit; safety issues resulting from downhill signage; and the potential for radar device error. After the Kansas Court of Appeals denied the requested relief, plaintiff brought this action in the federal district court, alleging the court of appeals judges violated his right to due process of law. The district court dismissed plaintiff's complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, noting that even if the court had jurisdiction the suit could not be maintained because the defendants were absolutely immune. This appeal followed.

We review de novo the district court's decision to dismiss a suit based on Rooker-Feldman. See Kiowa Indian Tribe v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998). The Supreme Court has recognized that federal district courts and courts of appeal lack subject matter jurisdiction to review final judgments of state courts. See Feldman, 460 U.S. at 476, 482. This doctrine, known as the

[1](...continued)
486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

[2]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rooker-Feldman doctrine, bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Under the doctrine, a federal district court cannot review matters actually decided by a state court, or provide relief that is "inextricably intertwined" with the state court decision. Johnson v. Rodrigues (Orozco), No. 99-4127, 2000 WL 1217833, at *3 (10th Cir. Aug. 28, 2000). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

Here, plaintiff is seeking damages based on the allegedly unconstitutional decision made by the state court of appeals judges. This is exactly the type of lawsuit the Rooker-Feldman doctrine was developed to prevent. See Feldman, 460 U.S. at 486 (holding federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"). The district court was correct, therefore, in holding that the Rooker-Feldman doctrine precluded plaintiff's lawsuit.

-3-

Plaintiff argues that the Rooker-Feldman doctrine does not apply because the state court did not hold a hearing on the challenged issues, citing Rooker v. Fidelity Trust Co., 263 U.S. 413. See Appellant's Br. at 2. We note first that Rooker does not contain the language quoted by plaintiff in his appellate brief. In any event, a hearing by the state court is not a prerequisite to application of the Rooker-Feldman doctrine. See Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995) (holding absence of hearing on merits in state court did not prevent application of the Rooker-Feldman doctrine); cf. Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991) (applying Rooker-Feldman doctrine to preclude review of state default judgment, although such judgment did not entail a merits hearing in state court).

Because the district court lacked subject matter jurisdiction over plaintiff's claims, it was without jurisdiction to decide whether defendants were absolutely immune. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-95 (1998). Therefore, we do not address this issue.

The judgment is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-