**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERNON JACKSON HARPIN,

      Plaintiff-Appellant,

v.

OAKLEY CUSTOM HOMES, INC.
and COASTAL HOLDINGS, INC.,

      Defendants-Appellees.

No. 99-1553
(D.C. No. 98-N-2448)
(D. Colo.)

ROBERT A. KELLEY,

      Plaintiff-Appellant,

v.

OAKLEY CUSTOM HOMES, INC.;
COASTAL HOLDINGS, INC.,

      Defendants-Appellees.

No. 99-1596
(D.C. No. 99-N-944)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vernon Harpin and Robert Kelley each appeals the district court's dismissal of his declaratory judgment action. Harpin filed his action in November 1998 seeking to have a March 1994 bankruptcy judgment in favor of Oakley Custom Homes declared void on the grounds that the bankruptcy court had no personal jurisdiction over him and that it failed to give him adequate notice and an opportunity to respond before entering judgment against him. Harpin also sought a return of all money he had paid on the judgment. In May 1999, Kelley filed his declaratory judgment action seeking to invalidate the same bankruptcy judgment on similar jurisdictional and due process grounds. Kelley also sought a return of all money he had paid on the judgment, as well as a restoration of all rights, property, and claims he had relinquished in two global settlement agreements that included the bankruptcy judgment. The district court consolidated the two actions and, after reviewing summary judgment materials and other pleadings of record, determined that exercising jurisdiction over the consolidated action would not further the purposes of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The court, therefore, dismissed the action and these appeals followed. We exercise jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm. [1]

---

[1] After examining the briefs and appellate record, this panel has determined

(continued...)

The Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quotation omitted). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 282. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

---

[1](...continued)
unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

To guide district courts within this circuit in exercising their discretion whether to hear declaratory judgment actions, this court has set forth a variety of factors the district courts should consider. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (setting forth five factors originally articulated by the Sixth Circuit in *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)). Although we require a district court to consider these factors when deciding whether to exercise its discretion to hear a declaratory judgment action, "on appeal [we] will not engage in a *de novo* review of all the various fact-intensive and highly discretionary factors involved. Instead, [we] will only ask whether the trial court's assessment of them was so unsatisfactory as to amount to an abuse of discretion." *Id.*

The district court here explicitly considered each of the *Mhoon* factors in exercising its discretion not to hear the action. At the time the district court made its decision, Kelley had filed an amended complaint, to which Oakley Custom Homes and Coastal Holdings (referred to jointly as "Oakley") had filed an answer and counterclaim, and Harpin and Oakley had filed and fully briefed cross-motions for summary judgment. The district court evaluated all the information contained in the parties' pleadings and made its own assessment of the *Mhoon* factors without soliciting further input from the parties. Harpin and Kelley contend that the district court abused its discretion by not giving the

parties notice and an opportunity to address the *Mhoon* factors before dismissing the action. They also contend that the district court abused its discretion in evaluating the *Mhoon* factors.

Oakley argues that we should not even reach the question whether the district court abused its discretion in dismissing the declaratory judgment actions, because the district court lacked jurisdiction under the *Rooker-Feldman* doctrine [2] to provide any of the relief requested. The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "Generally, a federal district court cannot review matters actually decided by a state court, nor can it issue any declaratory relief that is inextricably intertwined with the state court judgment." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citation omitted).

Oakley contends that the validity of the bankruptcy judgment is inextricably intertwined with a state court judgment because the state court approved two global settlement agreements by Kelley, Harpin, and Oakley, each of which stated that the bankruptcy judgment was currently enforceable in federal court and

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

provided that the money paid by Harpin and Kelley under the settlement agreement would be treated as payment on the bankruptcy judgment. Oakley argues that because the state court approved the first settlement agreement and made its terms an order of the court enforceable as such, and because it approved a stipulated dismissal of the state court action based on the second settlement agreement, then any federal court declaration about the validity of the bankruptcy judgment would be inextricably intertwined with the state court's orders.

"A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Assuming that the state-court-approved settlement agreement constituted a state court judgment for purposes of the *Rooker-Feldman* doctrine, *see 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528 n.5 (7th Cir. 2000), the *Rooker-Feldman* doctrine would not preclude the district court from declaring the bankruptcy court judgment invalid, because that simple declaration would not require the district court to determine the validity and/or correctness of the state-court-approved settlement agreements. The *Rooker-Feldman* doctrine may, however, preclude the district court from granting some of the other relief sought by Harpin and Kelley to the extent it directly implicates the validity and/or correctness of the state-court-approved settlement agreements. Because the *Rooker-Feldman* doctrine would not deprive

-6-

the district court of jurisdiction over the entire declaratory judgment action, we must proceed to consider whether the district court abused its discretion in dismissing the action.

Although Harpin and Kelley contend that the district court abused its discretion by not giving them notice before it decided not to proceed with the action, neither of them cites any authority for this contention in his appellate brief, nor sheds much light on what additional evidence or argument he would have presented if given the opportunity. "It is appropriate . . . for a district court to examine whether hearing the declaratory judgment action would serve the objectives for which the Declaratory Judgment Act was created." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 814 (Fed. Cir. 1996). The district court may make this determination at various stages of the proceedings. If a district court determines after the complaint is filed that issuing a declaratory judgment would not serve the purposes of the Act, it has no obligation to adjudicate the merits before staying or dismissing the action. *See Wilton*, 515 U.S. at 288. "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* The district court here did not abuse its discretion in pausing before reaching the merits of the summary judgment motions to assess whether proceeding with

the declaratory judgment action would be appropriate. Nor did the court abuse its discretion in relying on undisputed facts advanced by the parties in connection with the Harpin-Oakley summary judgment motions to evaluate the propriety of proceeding with either appellant's declaratory judgment action.

As Harpin and Kelley concede, the district court explicitly considered all the *Mhoon* factors in deciding whether to proceed further with the consolidated declaratory judgment action. Harpin and Kelley each take issue with the court's assessment of those factors, but their arguments are ultimately unpersuasive. Keeping in mind the district court's "unique breadth of . . . discretion to decline to enter a declaratory judgment," *id.* at 287, we cannot say the court's assessment of the pertinent factors "was so unsatisfactory as to amount to an abuse of discretion," *Mhoon*, 31 F.3d at 983.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge