**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KENNETH LEROY ENGLISH,

    Plaintiff-Appellant,

v.

CHARLOTTE MEACHAM, Hearing
Officer, Division Child Family Services,
State of Utah; ROBIN ARNOLD-
WILLIAMS, Director, Department of
Human Services, State of Utah,

    Defendants-Appellees.

No. 01-4137

(D.C. No. 2:01-CV-328-S)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kenneth L. English, appearing pro se, appeals from the district court's dismissal of his civil rights complaint pursuant to Fed. R. Civ. P. 12(b)(6). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiff filed this civil rights action on May 7, 2001. The complaint, allegedly based on 42 U.S.C. §§ 1983 and 1985, named two defendants: Charlotte Meacham, a hearing officer employed by the Division of Child and Family Services (DCFS) for the State of Utah, and Robin Arnold-Williams, the director of the Department of Human Services (DHS) for the State of Utah. According to the complaint, DCFS determined on two separate occasions in the early 1990s that plaintiff was substantially responsible for sexually abusing children and, accordingly, placed this information in its management information database.[1] Plaintiff challenged those determinations in 1998. After conducting an administrative hearing on the matter, defendant Meacham issued a written order overturning one of the determinations of sexual abuse, but affirming the other. After DHS allegedly denied plaintiff's request for a new administrative hearing, plaintiff filed a petition for judicial review in state district court. Plaintiff's petition was subsequently transferred to state juvenile court pursuant to amendments to the state

---

[1] Plaintiff's pleadings appear to confuse the DCFS database with the State of Utah's sex offender registration database. In J.J.W. v. State, 33 P.3d 59, 61 n.2 (Utah Ct. App. 2001), the Utah Court of Appeals explained that, "[u]nlike the sex offender registration database, . . . the information contained in [DCFS' database] is neither accessible by the general public nor is it considered public information." Instead, "[i]nformation contained in [DCFS' database] is used primarily for the management of DCFS cases and licensing purposes." Id.

2

judicial review statute enacted by the Utah legislature in 1999.  See Utah Code Ann. § 63-46b-15 (1999).  Although the record is not entirely clear, it appears that the state juvenile court ultimately denied plaintiff's petition for judicial review.  Plaintiff's federal complaint sought the removal of his name from the DCFS database, compensatory and punitive damages for the allegedly wrongful conduct of defendants Meacham and Arnold-Williams, and a declaration that the 1999 amendments to the state judicial review statute were unconstitutional (at least as applied to his petition for judicial review).

Defendant Arnold-Williams responded to plaintiff's complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2]  Arnold-Williams asserted a host of arguments, including that (1) plaintiff's complaint was precluded on res judicata grounds, (2) she was entitled to qualified immunity, (3) she was absolutely immune for her acts or omissions as executive director of the DHS, and (4) under the Rooker-Feldman doctrine, the district court lacked subject matter jurisdiction to effectively overrule the state court's denial of plaintiff's petition for judicial review.  The district court subsequently granted Arnold-Williams' motion "for the reasons generally outlined" therein.  ROA, Doc. 10 at 2.

Reviewing the district court's decision de novo, see Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999), we conclude that plaintiff's

---

[2]  According to the record, defendant Meacham was never properly served, and thus has never appeared in the case.

complaint failed to state a claim against Arnold-Williams for which relief could be granted. Unlike his allegations against defendant Meacham, which are relatively detailed, plaintiff's complaint is almost void of any specific allegations of misconduct on the part of Arnold-Williams. At most, the complaint suggests that Arnold-Williams was somehow involved in the denial of plaintiff's request for a new administrative hearing in 1998, and subsequently lobbied the Utah legislature to amend the judicial review statute in 1999 to have DCFS determinations of abuse reviewed by state juvenile courts rather than state district courts. Even assuming these allegations are true, we fail to see how they resulted in a violation of plaintiff's constitutional rights.

Further, we conclude the Rooker-Feldman doctrine prohibited the district court from exercising jurisdiction over the claims for injunctive and declaratory relief asserted in plaintiff's complaint. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Under the doctrine, a federal district court cannot review matters actually decided by a state court, or provide relief that is "inextricably intertwined" with the state court decision. See Feldman, 460 U.S. at 482 n.16. "A claim is inextricably intertwined if the federal claim succeeds only to the extent

4

that the state court wrongly decided the issues before it." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).  Here, it would be impossible for the district court to issue an order directing the removal of plaintiff's name from the DCFS database, or to declare unconstitutional the 1999 amendments to the state judicial review statute, without calling into question the judgment of the state juvenile court denying plaintiff's petition for judicial review.  Thus, the Rooker-Feldman doctrine bars any such claims for relief.

Finally, plaintiff has filed with this court a motion to "discover" unconstitutional the Child Abuse and Prevention Act, 42 U.S.C. §§ 5101-5106a (what plaintiff refers to as "The Mondale Act").  We refuse to grant that motion, not only because it was never presented to the district court, but because it is, in any event, patently frivolous.

The judgment of the district court is AFFIRMED.  Plaintiff's motion to "Discover 'The Mondale Act' Unconstitutional" is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5