

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2005

# Chajkowski v. Bosick

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4449

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chajkowski v. Bosick" (2005). *2005 Decisions*. Paper 1064.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1064

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4449

MARY ELLEN CHAJKOWSKI,
                              Appellant

v.

JOSEPH J. BOSICK, Individually; PIETRAGALLO BOSICK
& GORDON, Salary Reduction Profit Sharing Plan;
WILLIAM A. PIETRAGALLO, JR., Trustee of the Plan;
MARK GORDON, Trustee of the Plan; MAX BAER, Justice
of the Pennsylvania Supreme Court; KIMBERLY EATON,
Judge of the Court of Common Pleas of Allegheny
County; PATRICK R. TAMILA; KATE FORD ELLIOTT, Judge
of the Supreme Court of Pennsylvania; CORREALE STEVENS,
Judge of the Superior Court of Pennsylvania; JOAN
ORIE MELVIN, Judge of the Superior Court of Pennsylvania;
JAMES R. CAVANAUGH, Judge of the Superior Court of
Pennsylvania

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01582)
District Judge:  Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
JUNE 6, 2005

Before:  SLOVITER, BARRY AND FISHER, CIRCUIT JUDGES

(Filed June 6, 2005)

PER CURIAM

Appellant, Mary Ellen Chajkowski, appeals from the District Court's order dismissing her complaint for lack of subject matter jurisdiction and its subsequent order denying her motion for reconsideration. We have jurisdiction to review the final decision of the District Court under 28 U.S.C. § 1291. We exercise plenary review of a dismissal for lack of subject matter jurisdiction, see U.S. ex rel. Paranich v. Sorgnard, 396 F.3d 326, 331 (3d Cir. 2005), and review the denial of a motion for reconsideration for an abuse of discretion. See Le v. Univ. of Pennsylvania., 321 F.3d 403, 405-06 (3d Cir. 2003). For essentially the reasons given by the District Court, we will affirm.

In October 2004, Chajkowski brought a civil action in the United States District Court for the Western District of Pennsylvania purportedly raising "constitutional questions" and asserting ERISA claims against ex-husband Bosick, Bosick's law firm, trustees of the firm's Salary Reduction Profit Sharing Plan, and numerous judges of the Superior and Supreme Courts of Pennsylvania as well as the Court of Common Pleas of Allegheny County. Basically, Chajkowski alleged that the state courts erred in accepting the values of her ex-husband's ERISA assets – values that had been stipulated to by her attorney – and in using those values to render (and uphold on appeal) an equitable

distribution order of the marital estate, and in failing to timely enforce its own "Bifurcation Order." Chajkowski sought declaratory and injunctive relief, as well as monetary damages.

In an order entered on October 21, 2004, the District Court concluded that the factual allegations in Chajkowski's complaint amounted to nothing more than a collateral attack on the state court judgements rendered in connection with her divorce proceedings, and that dismissal of the complaint on the basis of the Rooker-Feldman doctrine was required.[1] While recognizing that a pro se plaintiff would ordinarily be afforded an opportunity to amend the complaint or show cause why the action should not be dismissed for lack of jurisdiction, the District Court determined that such action would be futile in the instant case given the "fatal Rooker-Feldman defect." The District Court likewise concluded that Chajkowski failed to demonstrate that reconsideration of its dismissal decision was warranted, and an order was thus entered on November 2, 2004, denying her motion filed pursuant to Fed. R. Civ. P. 59(e). This timely appeal followed.

Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that are inextricably intertwined with a state adjudication. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). A federal claim is inextricably intertwined with a prior state adjudication if:

---

[1] The Rooker-Feldman doctrine embodies the principles set forth by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. . . . If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the District Court has no subject matter jurisdiction to hear the suit.

FOCUS, 75 F.3d at 840 (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)). Moreover, a District Court does not have jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." See Feldman, 460 U.S. at 486.

Upon careful review of the record, we agree with the District Court that it lacked jurisdiction to review Chajkowski's complaint. As appellees correctly assert, Chajkowski was afforded the opportunity to litigate the claims set forth in her complaint in the state courts, and indeed she did so with the help of counsel through two complete rounds of appeals. Granting her the requested relief would be the equivalent of allowing her to use the federal courts as a forum to appeal a state court judgment and falls squarely within the Rooker-Feldman doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., __ U.S. __, 125 S. Ct. 1517, 1521-22 (2005).

4

We further reject as meritless Chajkowski's contention that this case somehow falls within an exception to the Rooker-Feldman bar because the state court judgment was rendered "nonfinal" as a result of the state court's failure to enforce its bifurcation order, and dispose of it without further discussion.  Finally, Chajkowski's reliance on Twin City Fire Ins. Co. v. Adkins, 400 F.3d 293 (6th Cir. 2005), is misplaced as Rooker-Feldman was found not applicable in that case simply because the doctrine "does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court."  Id. at 297, quoting United States v. Owens, 54 F.3d 271, 274 (6th Cir. 1995).  As noted, not only was Chajkowski a party to the state court actions she challenges, she was represented by counsel throughout and offers nothing to support her assertion that due process considerations take this case outside the reach of Rooker-Feldman.

Accordingly, for the above reasons, we will affirm the District Court's orders dismissing Chajkowski's complaint and denying her motion for reconsideration.