

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2005

# Untracht v. Weimann

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4603

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Untracht v. Weimann" (2005). *2005 Decisions*. Paper 899.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/899

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4603
_____

STEVEN H. UNTRACHT, M.D.,
Appellant

v.

ROBERT B. WEIMANN, M.D.;
WEST JERSEY HEALTH SYSTEM,
also known as VIRTURA HEALTH SYSTEM;
WEST JERSEY HEALTH SYSTEM BOARD OF TRUSTEES,
as known as VIRTURA HEALTH HOSPITAL BOARD OF TRUSTEES

_____
On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05273)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
JULY 1, 2005

Before: NYGAARD, VANANTWERPEN AND GREENBERG, Circuit Judges

(Filed: July 5, 2005)

_____

OPINION
_____

PER CURIAM

Dr. Steven Untracht appeals pro se from the November 23, 2004, order of the

United States District Court for the District of New Jersey dismissing his complaint for lack of subject matter jurisdiction. For the reasons that follow, we will affirm.

The details of Untracht's claims and the protracted history of the case are well known to the parties, and thus need not be discussed at length. In short, in April 1990, Untracht, who is a surgeon, had his Marlton Hospital privileges summarily suspended. In June 1990, Untracht filed a complaint in the Chancery Division of the New Jersey Superior Court against, inter alia, the West Jersey Health System and Dr. Robert Weimann, alleging unfair competition, tortious interference with contract, breach of fiduciary duty, intentional infliction of emotional distress, and defamation stemming from the April 1990 suspension.[1] In November 1991 and January 1992, the Chancery Division granted summary judgment to the defendants.

While his appeal to the Appellate Division was pending, Untracht filed a second complaint in the District Court against, inter alia, the West Jersey Health System and Dr. Weimann, alleging violations of 42 U.S.C. § 1983, the Health Care Quality Improvement Act of 1986 and the Sherman Act, and tortious interference with prospective economic advantage. The District Court granted the defendants' motion for summary judgment on the ground that Untracht's claims were precluded by the Chancery Division's prior decision. See Untracht v. West Jersey Health System, 803 F.Supp. 978 (D. N.J. 1992). This Court affirmed. See Untracht v. West Jersey Health System, 3d Cir. No. 92-5538.

_____

[1] Untracht had previously filed a similar complaint in the District Court which he voluntarily withdrew.

2

On March 23, 1994, the Appellate Division upheld the Chancery Division's November 1991 and January 1992 decisions relating to the suspension of Untracht's privileges. However, the Appellate Division reversed the order of summary judgment as to Untracht's defamation claim against Weimann, and remanded the claim to the Chancery Division for additional discovery.

In the meantime, on December 22, 1991, Untracht's privileges at the hospital were restored. Untracht then filed the required application for reappointment to the hospital staff. Untracht's reappointment application was denied at the end of 1992, and he was subsequently banned from applying for reappointment for five years. The following year, while the litigation regarding his April 1990 suspension was pending in the state courts, Untracht filed a third complaint in the District Court stemming from the 1992 denial of his reappointment request and five year ban on reapplication. See Untracht v. Kelly, D. N.J. Civ. No. 93-cv-04563. The District Court dismissed the complaint for lack of subject matter jurisdiction in March 1995. Untracht did not appeal.

Three months later, Untracht filed another complaint in the Law Division of the New Jersey Superior Court against, inter alia, the West Jersey Health System, West Jersey Health System Board of Trustees, and Dr. Weimann, alleging that his application for reappointment had been wrongfully denied and his employment contract breached. After granting motions to dismiss and summary judgment for the defendants, the Superior Court consolidated the remaining wrongful termination claim with the previously remanded defamation claim against Weimann. The Superior Court subsequently granted

3

Weimann's motion for summary judgment and, after a six day jury trial, dismissed Untracht's wrongful termination claim. On November 27, 2002, the Appellate Division affirmed.

Untracht then filed the underlying 42 U.S.C. § 1983 action in the District Court against West Jersey and Weimann (collectively, "defendants"). In his complaint, Untracht alleged that the defendants violated his due process and equal protection rights by denying his reappointment application in 1992, and by "using the [New Jersey state] courts to deny [him] redress . . . on the basis of absurd circular reasoning." By order entered November 23, 2004, the District Court dismissed Untracht's complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3),[2] concluding that Untracht's claims were barred by the Rooker-Feldman doctrine.[3] See Fed. R. Civ. P. 12(h)(3) (noting that a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise" that subject matter jurisdiction is lacking). This timely appeal followed.

Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that are inextricably intertwined with a state adjudication. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). A federal claim is inextricably intertwined with a prior state adjudication if:

---

[2] In the alternative, the District Court concluded that the defendants were not state actors for purposes of § 1983. However, because we agree with the District Court's determination that it lacked subject matter jurisdiction to consider Untracht's claims, we need not address whether the defendants could be considered state actors in this case.

[3] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

4

the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. . . .  If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the District Court has no subject matter jurisdiction to hear the suit.

FOCUS, 75 F.3d at 840 (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)).  Moreover, a District Court does not have jurisdiction over "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  Feldman, 460 U.S. at 486.

Upon careful review of the record, we agree with the District Court that it lacked jurisdiction to review Untracht's complaint.  Granting Untracht the requested relief would be the equivalent of allowing him to use the federal courts as a forum to appeal state court judgments.  Thus, Untracht's complaint falls squarely within the Rooker-Feldman doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., __ U.S. __, 125 S. Ct. 1517, 1521-22 (2005).

Untracht's arguments to the contrary are unavailing.  For all that Untracht claims that he is not using the present action as a vehicle to appeal state court orders entered

5

between 1991 and 2002, such an appeal is at the heart of this action.[4] Not only does Untracht effectively seek to undo state court orders, but almost all of the actions of the defendants about which he complains are directly related to the state court proceedings. Thus, the District Court did not err in dismissing Untracht's complaint for lack of subject matter jurisdiction.

Accordingly, for the foregoing reasons we will affirm the District Court's November 23, 2004 order.

6

---

[4] We believe that the District Court succinctly summarized Untracht's complaint as "read[ing] like an appellate brief to the New Jersey Supreme Court, arguing that the Appellate Division's 2002 decision is inconsistent with the both the law and the facts."